IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:                                                    Case No.:   11-43113

Curtis C. Nelson,                                         Chapter 11 Case

      Debtor.

**APPLICATION BY DEBTOR TO EMPLOY ATTORNEYS**

      1.      Curtis C. Nelson ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, Title 11, United States Code, on May 3, 2011 and requires representation in the case.

      2.      Debtor wishes to employ Thomas G. Wallrich and the law firm of Hinshaw & Culbertson LLP ("H&C") to assist Debtor in carrying out his duties as a debtor in possession and to perform other legal services necessary and appropriate to Debtor's reorganization.

      3.      Debtor believes that H&C is competent and experienced in such matters and that the proposed employment will be in the best interests of Debtor and the bankruptcy estate.

      4.      Commencing on November 6, 2009, Debtor retained H&C to provide legal counsel in debt restructuring efforts and in related litigation matters. During the course of its retention, H&C has represented Debtor in creditor negotiations and has appeared on Debtor's behalf in state court litigation with certain creditors. H&C has also represented various entities in which the Debtor has an interest, including:

      a.      Visible Customer, LLC;

      b.      Visible Customer Holdings, LLC

      c.      Curtis Company One, LLC;

      d.      Curt Company Customer, LLC;

e. Curt Company, Inc.; and

f. Curt Company Investments, LLC.

5. In addition, commencing in November 2009, H&C represented Visible Customer, LLC, in matters relating to a Chapter 7 bankruptcy case filed on July 6, 2010 (*In re Visible Customer, LLC*, Case No. 10-46062 (Bankr.D.Minn.)). The Visible Customer, LLC bankruptcy case was closed on April 22, 2011.

6. During the 90 days before the petition, H&C has not received any payments from Debtor. During that period, however, one or more trusts of which Debtor is a beneficiary have paid H&C for legal services rendered to Debtor on behalf of Debtor. The payments were as follows:

> a. On May 2, 2011, H&C was paid the sum of $48,285.90 for legal services including the prepetition preparation of schedules, preliminary preparation of Debtor's Chapter 11 Plan, the application to employ attorneys, and defense of the Debtor in various state-court proceedings as further described in Debtor's Statement of Financial Affairs and below.
>
> b. On February 2, 2011, H&C was paid the sum of $42,576.50 for legal services including representing Debtor in numerous creditor negotiations and for defending Debtor in various state-court proceedings as further described in Debtor's Statement of Financial Affairs and below.

7. The payments received by H&C did not come from property that would otherwise be property of the bankruptcy estate.

8. Except as otherwise provided herein and in the declaration submitted in connection with this application, Debtor believes that H&C does not have any connections with

121280684v3 72096

Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed by the U.S. Trustee.

9. Debtor believes that H&C is "disinterested," and requests that Debtor's employment of H&C be approved.

10. Debtor proposes that the employment be on a general retainer with fees calculated on a reasonable fee basis, dependent primarily on the number of hours expended, but taking into consideration any risk that there may not be funds available to pay fees, any delay in making payments of fees, and such other factors as may be appropriate, subject to the approval of the Court.

11. Debtor requests that fee applications for professionals employed in this case be heard on intervals of 90 days.

12. Debtor requests that the professionals employed by the Debtor be permitted to submit invoices on a monthly basis, and that Debtor be authorized to pay eighty percent (80%) of fees and one hundred percent (100%) of costs owing pursuant to such monthly invoices, all as provided in No. 8(c) of the Instructions for Filing a Chapter 11 Case, adopted by this Court effective January 27, 2003. Debtor acknowledges that if any fees and costs are subsequently disallowed by the Court after application for allowance of same, the professionals must agree and have agreed that any previously paid, but disallowed fees and costs are subject to disgorgement, and that the professionals must represent and have represented that they will have the ability to disgorge same and that the professionals must agree to and have in fact agreed to disgorge same.

13. No previous applications for employment of any professionals have been submitted in this case.

WHEREFORE, the Debtor requests an order approving the employment of Thomas G. Wallrich and the law firm of Hinshaw & Culbertson LLP, as attorneys for the Debtor.

Dated: May 5, 2011

_____
Curtis C. Nelson

121280684v3 72096

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No.: 11-43113 |
| Curtis C. Nelson, | Chapter 11 Case |
| Debtor. | |

## UNSWORN DECLARATION OF THOMAS G. WALLRICH

Thomas G. Wallrich makes the following declaration in support of the Application by Debtor to Employ Attorneys (the "Application").

1. I am a capital partner of the law firm of Hinshaw & Culbertson LLP, ("H&C"). I make this Unsworn Declaration in support of the Application. I am admitted to practice before the courts of the State of Minnesota, the United States District Court for the District of Minnesota, the Eighth Circuit Court of Appeals, and the United States Supreme Court.

2. To the best of my knowledge, information, and belief, other than as expressly provided herein neither H&C nor I hold or represent any interest adverse to the estate and H&C is disinterested within the meaning of Section 327 of the Bankruptcy Code.

3. I believe that, notwithstanding the representations disclosed below, H&C is "disinterested" for purposes of Section 327(a).

4. Except as otherwise specifically disclosed herein, H&C has no prior or current connection with Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed by the U.S. Trustee.

5. Commencing on November 6, 2009, Debtor retained H&C to provide legal counsel in debt restructuring efforts and in related litigation matters. During the course of its retention, H&C has represented Debtor in creditor negotiations and has appeared on Debtor's behalf in state court litigation with certain creditors. H&C has also represented various entities in which the Debtor has an interest, including:

  a. Visible Customer, LLC;

  b. Visible Customer Holdings, LLC;

  c. Curtis Company One, LLC;

  d. Curt Company Customer, LLC;

  e. Curt Company, Inc.; and

  f. Curt Company Investments, LLC.

6. In addition, commencing in November 2009, H&C represented Visible Customer, LLC, in matters relating to a Chapter 7 bankruptcy case filed on July 6, 2010 (*In re Visible Customer, LLC*, Case No. 10-46062 (Bankr.D.Minn.)). The Visible Customer, LLC bankruptcy case was closed on April 22, 2011.

7. During the 90 days before the petition, H&C has not received any payments from Debtor. During that period, however, one or more trusts of which Debtor is a beneficiary have paid H&C for legal services rendered to Debtor on behalf of Debtor. The payments were as follows:

  a. On May 2, 2011, H&C was paid the sum of $48,285.90 for the legal services including the prepetition preparation of schedules, preliminary preparation of Debtor's Chapter 11 Plan, the application to employ

2

121280684v3 72096

attorneys, and defense of the Debtor in various state-court proceedings as further described in Debtor's Statement of Financial Affairs and below.

  b. On February 2, 2011, H&C was paid the sum of $42,576.50 for legal services including representing Debtor in numerous creditor negotiations and for defending Debtor in various state-court proceedings as further described in Debtor's Statement of Financial Affairs and below.

8. The payments received by H&C did not come from property that would otherwise be property of the bankruptcy estate.

9. As stated above, H&C was retained to provide legal counsel to Debtor in debt restructuring efforts and, in that capacity, has represented Debtor in the following state-court proceedings:

> *Crown Bank v. Curtis C. Nelson*, Case No. 27-CV-10-24189, Hennepin County District Court, Hennepin County, Minnesota;
>
> *Jordan Family, LLC v. Curtis C. Nelson*, Case No. 27-CV-10-20961, Hennepin County District Court, Hennepin County, Minnesota;
>
> *Fulcrum Consulting, LLC v. Curtis C. Nelson*, Case No. 27-CV-10-28811, Hennepin County District Court, Hennepin County, Minnesota;
>
> *Siamak Masoudi vs. Visible Customer, LLC, Visible Customer Holdings, LLC, Curtis Company One, LLC, Curt Company Customer, LLC, Curt Company, Inc., Curt Company Investments, LLC, Insperity PEO Services, LP (f/k/a), Administaff Companies II, L.P., and Curtis Nelson, in his official and individual capacities*, Case No. Not Assigned, Hennepin County District Court, Hennepin County, Minnesota; and
>
> *Authenticom, Inc., a domestic corporation vs. Curtis Nelson,* Case No. 10-CV-993 Case Code: 30301, State of Wisconsin, Circuit Court, LaCrosse County.

10. H&C has reviewed its files and believes this list to be complete in regard to its prior representation of Debtor.

11. There may be other persons within the scope of Fed.R.Bankr.P. 2014 that, unknown to me, H&C has represented in particular matters in the past, but H&C agrees not to represent such creditors or other parties in interest while representing the Debtor, and H&C agrees to disclose any connections that may be discovered subsequent to the execution of this unsworn declaration.

12. H&C does not "hold or represent any interest adverse to the estate" and is "disinterested" within the meaning of §§327 and 1107 of the Bankruptcy Code.

13. H&C requests that fee applications be heard on intervals of 90 days. H&C requests that it be permitted to submit invoices to Debtor on a monthly basis, and that Debtor be authorized to pay eighty percent (80%) of fees and one hundred percent (100%) of costs owing pursuant to such monthly invoices, all as provided in No. 8(c) of the Instructions for Filing a Chapter 11 Case, adopted by this Court effective January 27, 2003.

14. Debtor has agreed to use of this procedure in this case, as evidenced by the application filed herewith. H&C states and agrees as follows: (i) if any fees and costs are subsequently disallowed by the Court after application for allowance of same, any previously paid, but disallowed fees and costs are subject to disgorgement; (ii) H&C will disgorge same; and (iii) H&C will have the ability to disgorge same.

15. I understand that the firm may not receive payment for some fees owed by Debtor until after the firm has filed an Application for Fees and it has been approved by the Court pursuant to Fed.R.Bankr.P. 2016 and Local Rule 2016-1, and that all fees remain subject to Court approval.

121280684v3 72096

16. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: May 5, 2011

HINSHAW & CULBERTSON LLP

By: /e/ Thomas G. Wallrich
Thomas G. Wallrich (213354)
Joel D. Nesset (030475X)
Accenture Tower
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Telephone: 612-333-3434
Fax: 612-334-8888

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:                                                  Case No.: 11-43113

Curtis C. Nelson,
                                                        Chapter 11 Case
         Debtor.

---

## PROOF OF SERVICE
---

      Amy E. Kulbeik, an employee of Hinshaw & Culbertson LLP, and in the course of said employment on May 5, 2011 caused the following documents:

1. Application by Debtor to Employ Attorneys;
2. Unsworn Declaration of Thomas G. Wallrich; and
3. Proposed Order Authorizing Debtor to Employ Attorneys.

      to be filed electronically with the Clerk of Court through ECF, and that a copy of the above-referenced document were delivered to the people listed below who are Filing Users, by automatic e-mail notification on pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-1(a).

Michael Fadlovich - michael.fadlovich@usdoj.gov

Tyler K Olson - tolson@oppenheimer.com

US Trustee - ustpregion12.mn.ecf@usdoj.gov


Dated: May 5, 2011                          /s/ Amy E. Kulbeik
                                            Amy E. Kulbeik

121281143v1 0906146

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

In re:    Case No.: 11-43113

Curtis C. Nelson,    Chapter 11 Case

      Debtor.

---

## ORDER AUTHORIZING DEBTOR TO EMPLOY ATTORNEYS

---

This matter came before the Court on the Application of Debtor to Employ Attorneys. Based on the Application and the file, record and proceedings herein,

**IT IS HEREBY ORDERED:**

1. Debtor's Application to employ Thomas G. Wallrich and the law firm of Hinshaw & Culbertson LLP as bankruptcy counsel is approved.

2. Hinshaw & Culbertson LLP may submit fee applications on intervals of not less than 90 days from commencement of the case.

3. Debtor is authorized to pay monthly invoices of Hinshaw & Culbertson LLP under the procedures in Instruction No. 8(c) of the Instructions for Filing a Chapter 11 Case, adopted by this Court effective January 27, 2003.

Dated:                                                                                                

                                                                                            Robert J. Kressel
                                                                                            United States Bankruptcy Judge