UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                          Bky. No. 11-43113 (RJK)

Curtis C. Nelson,                               Chapter 11

        Debtor.

NOTICE OF HEARING AND MOTION FOR ORDER DIRECTING RULE 2004
EXAMINATION OF CURTIS C. NELSON

TO:  All entities specified in Local Rule 9013-3

### NOTICE OF HEARING

1. Crown Bank, by counsel, moves the Court for the relief requested below, and gives notice of hearing herewith.

2. The Court will hold a hearing on this motion at 10:00 a.m., on Wednesday, May 25, 2011, before the Honorable Robert J. Kressel, at the United States Bankruptcy Court, Courtroom 8W, 300 South Fourth Street, Minneapolis, Minnesota, or as soon thereafter as counsel may be heard.

3. Any response to this motion must be filed and delivered not later than May 20, 2011, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This is a core proceeding. The petition commencing this chapter 11 case was filed on May 2, 2011. The case is now pending in this court.

5. This motion arises under Fed. R. Bank. P. 2004. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 2004-1 and 9013-2. Crown Bank requests that the Bankruptcy Court issue an order under Bankruptcy Rule 2004 directing the examination of Curtis C. Nelson ("Debtor").

## **MOTION**

6. Crown Bank desires to make inquiry regarding matters related to the Debtor's discharge, dischargeability of Debtor's obligations to Crown Bank and matters related to the Debtor's proposed exemptions and will include the following:

   a. All matters involving loans, collateral, transactions and communications between or among Crown Bank and Debtor, or any employees, officers or agents of the foregoing;

   b. Assets of Debtor, sale or disposition of those assets, and use of proceeds of those assets;

   c. Liabilities of Debtor;

   d. All personal financial statements prepared by or for Debtor from 2006 to the present;

   e. All documents the Debtor reviewed, considered, or relied upon in preparing all personal financial statements he submitted to Crown Bank, including, but not limited to all brokerage statements, statements of liquidity, and the names of all persons who can verify the same;

   f. All tax returns filed by Debtor, which includes any and all amended tax returns filed within the last 24 months;

   g. All matters involving loans, collateral, transactions, payment histories, and communications between the Debtor and any other person or entity who has provided a loan to Debtor including, but not limited to, Marilyn Nelson;

   h. All matters involving loans, collateral, transactions, payment histories, and communications between the Debtor and any other person or entity who has provided a loan to Debtor including, but not limited to, Glen Nelson;

   i. All matters involving loans, collateral, transactions, payment histories, and communications between the Debtor and any other person or entity who has provided a loan to Debtor including, but not limited to, Glen Nelson revocable trust;

j. All matters involving loans, collateral, transactions, payment histories, and communications between the Debtor and any other person or entity who has provided a loan to Debtor including, but not limited to, Carlson Real Estate Company;

k. All matters involving loans, collateral, transactions, payment histories, and communications between the Debtor and any other person or entity who has provided a loan to Debtor including, but not limited to, Arlene Nelson;

l. All assets and liabilities identified in the Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree ("Divorce Decree") filed April 15, 2009 and all assets identified in the November 22, 2010 amendment to the Divorce Decree, in the matter entitled *In re the marriage of Marjorie Albert Nelson and Curtis Carlson Nelson* (Court File No. 27-FA-07-266), filed in Minnesota District Court Hennepin County, Family Court Division, and the reasons the Debtor's financial information in the Divorce Decree does not reconcile to his bankruptcy petition, specifically as it relates to loans from Marilyn Nelson, Glen Nelson revocable trust, Glen Nelson, Carlson Real Estate Company and Arlene Carlson; and

m. Transactions of the Debtor, including debts incurred and assets acquired or transferred 12 months prior to or after the filing of the bankruptcy petition.

7. In the event that the Order is entered, Crown Bank may serve a subpoena duces tecum seeking the production of the documents pertinent to the exam.

WHEREFORE, the undersigned respectfully requests that an Order be issued directing the examination of Debtor for the reasons stated herein.


Dated: May 11, 2011                   OPPENHEIMER WOLFF & DONNELLY LLP

By: /e/ David B. Galle
David B. Galle (#311303)
Christine Lindblad (#277666)
Rebecca G. Sluss (#387963)
3300 Plaza VII
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

ATTORNEYS FOR CROWN BANK

In re:

Curtis C. Nelson,

        Debtor.

Bky. No. 11-43113(RJK)

Chapter 11

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
ORDER DIRECTING RULE 2004 EXAMINATION
OF CURTIS C. NELSON**

Crown Bank, a creditor in the above-entitled Chapter 11 case, hereby respectfully submits this Memorandum of Law in support of his Motion for Order Directing Rule 2004 Examination of Curtis C. Nelson. In support of its motion, Crown Bank states as follows:

## FACTUAL BACKGROUND

Any relevant facts are set forth in the attached Notice of Hearing and Motion.

## ARGUMENT

**THIS COURT SHOULD ISSUE AN ORDER ALLOWING CROWN BANK TO TAKE DISCOVERY PURSUANT TO RULE 2004**

Bankruptcy Rule 2004 provides in relevant part:

> **(a) Examination on Motion.** On motion of any party in interest, the court may order the examination of any entity.
>
> **(b) Scope of Examination.** The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial conditions of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge….

The purpose of Rule 2004 is to give "parties in interest an opportunity to examine those individuals having knowledge of the financial acts and affairs of a debtor." In re GHR Energy Corp., 35 B.R. 534, 536 (Bankr. D. Mass. 1983). See also Longo v. McLaren, (In re McLaren), 158 B.R. 655, 657 (Bankr. N.D. Ohio 1992) ("The purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate.") (citations omitted). It is clear that the scope of discovery afforded under Rule 2004 is "unfettered and broad." In re Public Serv. Co., 91 B.R. 198, 199 (Bankr. D.N.H. 1988).

The Rule affords the examiner an even broader inquiry than that afforded by the discovery rules set forth in the Federal Rules of Civil Procedure, which themselves contemplate broad and easy access to discovery. In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). Accordingly, Rule 2004 is quite liberal and has been appropriately considered to permit a "fishing expedition" into the debtor's conduct and financial affairs. In re GHR Energy Corp., 33 B.R. at 453. Indeed, courts generally do not allow a debtor or other party to escape from an examination under Rule 2004 unless that party can demonstrate that the examination is actually oppressive under the circumstances. See In re Vantage Petroleum Corp., 34 B.R. 650, 652 (Bankr. E.D.N.Y. 1983).

Here, Crown Bank desires to examine the Debtor in order to determine if there is a basis to object to the Debtor's discharge or to object to the dischargeability of Crown Bank's claim against the Debtor. Moreover, Crown Bank seeks to determine if any estate assets claimed as exempt would be subject to objection.

## **CONCLUSION**

WHEREFORE, based on the foregoing, Crown Bank respectfully requests an order pursuant to Bankruptcy Rule 2004 allowing Crown Bank to take discovery from the Debtor, Curtis C. Nelson.


Dated: May 11, 2011						OPPENHEIMER WOLFF & DONNELLY LLP

									By: /e/ David B. Galle
									    David B. Galle (#311303)
									    Christine Lindblad (#277666)
									    Rebecca G. Sluss (#387963)
									3300 Plaza VII
									45 South Seventh Street
									Minneapolis, Minnesota 55402
									Telephone: (612) 607-7000
									Facsimile: (612) 607-7100

									ATTORNEYS FOR CROWN BANK

# VERIFICATION

I, John Lindquist, the Senior Vice President of Crown Bank, declare under penalty of perjury that I have read the foregoing Motion for Order Directing Rule 2004 Examination of Curtis C. Nelson, know the contents of the Motion, and that the foregoing Motion is true and correct according to the best of my knowledge, information and belief.

Dated: May 11, 2011

_____
John Lindquist, Senior Vice President

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                              Bky. No. 11-43113 (RJK)

Curtis C. Nelson,                                   Chapter 11

      Debtor.

**ORDER FOR RULE 2004 EXAMINATION**

This case is before the court on the motion of Crown Bank to allow it to conduct an examination pursuant to Federal Rule of Bankruptcy Procedure 2004.

Based on the files and records,

IT IS HEREBY ORDERED: Crown Bank may examine the debtor Curtis C. Nelson pursuant to Federal Rule of Bankruptcy Procedure 2004 and in connection therewith, and Crown Bank shall be entitled to serve a subpoena *duces tecum* and require the production of documents.

Dated:_____

                                          Robert J. Kressel
                                          United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Bky. No. 11-43113 (RJK)

Curtis C. Nelson,  Chapter 11

            Debtor.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2011, I caused the following documents:

Notice of Hearing and Motion for Order Directing Rule 2004 Examination of Curtis C. Nelson; Memorandum of Law in Support of Motion for Order Directing Rule 2004 Examination of Curtis C. Nelson; Verification and [Proposed] Order for Rule 2004 Examination

to be filed electronically with the Clerk of Court through ECF and that ECF will send an e-notice of the electronic filing to those requesting such notice. I further certify that the foregoing was sent to the following via U.S. Mail, postage pre-paid:

| | |
|---|---|
| Curtis C. Nelson<br>1555 Linner Road<br>Wayzata, MN  55391 | Michael Fadlovich<br>US Trustee Office<br>1015 US Courthouse<br>300 S. 4th Street<br>Minneapolis, MN 55415 |
| Thomas G. Wallrich<br>Hinshaw & Culbertson LLP<br>333 South 7th Street, Suite 2000<br>Minneapolis, MN 55402 | Marjorie A. Nelson<br>1553 Linner Road<br>Wayzata, MN  55391 |
| Minnesota Department of Revenue<br>Mail Station 5170<br>St. Paul, MN  55146 | Curtis L. Carlson Octagon Trust<br>c/o John Flottmeier<br>301 Carlson Pkwy, Suite 275<br>Minnetonka, MN  55305 |
| Glen and Marilyn Nelson<br>c/o John Flottmeier<br>301 Carlson Pkwy, Suite 275<br>Minnetonka, MN  55305 | JP Morgan Chase Bank<br>P.O. Box 100511<br>Florence, SC  29502-0511 |

Members Cooperative Credit Union
101 14th Street
Cloquet, MN  55720

Wells Fargo
P.O. Box 95225
Albuquerque, NM  87199-5225

Wells Fargo, N.A.
Private Banking Minneapolis
90 South 7th Street
Minneapolis, MN  55402

Chase (Buy.com)
Cardmember Services
P.O. Box 94014
Palatine, IL  60094-4014

Richard D. Goff
3908 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

Chase (Quicken)
Cardmember Services
P.O. Box 94014
Palatine, IL  60094-4014

Target
Target National Bank
P.O. Box 59317
Minneapolis, MN  55459-9317

City of Minnetonka
14600 Minnetonka Boulevard
Minnetonka, MN  55345

DNR
Box 26 Boat
500 Lafayette Road
Saint Paul, MN  55155

SMW Federal Credit Union
700 Apollo Drive
Lino Lakes, MN  55014

Jordan Family Trust
c/o Wilkerson & Hegna PLLP
7300 Metro Blvd., Suite 300
Edina, MN  55439

Bank of America
P.O. Box 17322
Baltimore, MD  21297

Chase (Slate)
Cardmember Services
P.O. Box 94014
Palatine, IL  60094-4014

Chase
Cardmember Services
P.O. Box 94014
Palatine, IL  60094-4014

U.S. Bank
P.O. Box 790408
St. Louis, MO  63179

Capital One
P.O. Box 60024
City of Industry, CA  91716

Delaware Secretary of State
The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

Driver and Vehicle Service Division
445 Minnesota Street, Suite 180
Saint Paul, MN  55101

| | |
|---|---|
| Hennepin County Treasurer<br>A-600 Government Center<br>Minneapolis, MN  55487-0060 | Indiana Department of Revenue<br>P.O. Box 1924<br>Indianapolis, IN  46206 |
| Internal Revenue Service<br>Cincinnati, OH  45999-0039 | Minnesota Department of Employment<br>& Economic Development<br>332 Minnesota Street<br>Saint Paul, MN  55101-1351 |
| Minnesota Department of Natural Resources<br>Box Boat<br>500 Lafayette Road<br>Saint Paul, MN  55155 | Minnesota Partnership Tax<br>Mail Station 1760<br>Saint Paul, MN  55145 |
| Secretary of State<br>202 North Carson Street<br>Carson City, NV  89701 | |

           ___/e/ Rebecca G. Sluss_____