# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No.: 11-43113 |
| Curtis C. Nelson, | Chapter 11 Case |
| Debtor. | |

**DEBTOR'S VERIFIED OBJECTION TO CROWN BANK'S MOTION
FOR RULE 2004 EXAMINATION**

Curtis C. Nelson ("Debtor"), by his undersigned counsel, objects to the motion for a Rule 2004 examination filed on May 11, 2011 by Crown Bank.

Crown Bank's motion is brought under Rule 2004 of the Federal Rules of Bankruptcy Procedure. Rule 2004(d) provides that the "court may *for cause shown* and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending."

Upon a challenge to a request for a Rule 2004 examination, the proposed examiner has the burden of establishing that "good cause" exists for the taking of the examination. *In re Hammond*, 140 B.R. 197, 202 (S.D.Ohio,1992) (Citing *Freeman v. Seligson*, 405 F.2d 1326, 1336 (D.C.Cir.1968). "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Id*.

"[A] creditor has established good cause if, based upon information readily available to it from sources other than a Rule 2004 examination, a reasonable bankruptcy attorney could conclude that a Rule 2004 examination of the debtor might establish grounds for a challenge to the debtor's right to discharge. The sources of information readily available to the creditor may

include the debtor's own records, a reasonable inquiry at the creditor's meeting, the bankruptcy court's files, and information gained through informal discovery." *Id*.

"After determining that Rule 2004 examination is necessary for the protection of the examiner's legitimate interests, the bankruptcy court must balance the examiner's interests against the debtor's interest in avoiding the cost and burden of disclosure." *Id*. (citing *In re Drexel Burnham Lambert, Inc*., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991); *In re Texaco, Inc*., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987)). "The debtor's interest may in some cases warrant a limitation of the scope of the proposed examination. In rare cases, the debtor's interest may so greatly outweigh those of the examiner that the examination should be quashed." *Id*.

"A debtor may also avoid a Rule 2004 examination by establishing that the examination is being sought for 'purposes of abuse or harassment.'" *Id*. (citing *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984); 8 Collier on Bankruptcy para.2004.04[1] (15th ed. 1991)).

Crown Bank, an unsecured creditor in this case, has not demonstrated any cause. The meeting of creditors in this case is scheduled for June 6, 2011. Under Section 343 of the Bankruptcy Code, Crown Bank has the right to examine the Debtor at the meeting. As such, its request for a Rule 2004 exam is premature. Crown Bank should first be required to appear at the meeting of creditors, examine the debtor as is already allowed and if necessary, request documents. Counsel for Crown Bank has not requested any documents from the Debtor. The Debtor is willing to comply with reasonable requests for production of documents.

In bankruptcy cases in which the debtor is an individual, the limited time available for a meeting of creditors might constitute cause for a 2004 examination. However, this is a Chapter 11 case and in this district, creditors are typically afforded considerable time to examine the

2

debtor. As such, there should be sufficient time for Crown Bank to examine the Debtor. At the very least, Crown Bank can narrow the scope of a 2004 examination.

The motion does not allege any facts establishing cause, but merely lists a broad range of topics that it asserts are "…related to the Debtor's discharge, dischargeability of Debtor's obligations to Crown Bank and matters related to the Debtor's proposed exemptions…" Motion at ¶6. Most of the topics do not exclusively or even primarily relate to Crown Bank, but are instead relevant to the interests of all creditors and will undoubtedly be addressed during the meeting of creditors regardless of Crown Bank's interest. No legitimate interest would be served by a 2004 examination on those topics at this time.

Furthermore, Crown Bank has already been provided significant access to information. It was recently provided access to the Debtor's to conduct an inventory of the Debtor's furnishings and other personal property. It engaged in discovery during state court litigation prior to the filing of this bankruptcy case, as well as post-judgment discovery after the Debtor confessed judgment as part of the settlement of that litigation. The Crown Bank litigation was a significant factor in precipitating this bankruptcy filing, and the Debtor should be afforded a reasonable opportunity to propose a plan of reorganization without the distraction and expense of unwarranted discovery.

The Debtor is fully aware of his obligations under the Code, and is honoring those obligations. Crown Bank's requests, on the other hand, are oppressive, unduly burdensome, and expressly designed to distract the Debtor from his duties in working toward a plan of reorganization. That Crown Bank is motivated by an improper purpose is suggested by the fact that it has expressed an intention to inquire into "[a]ll matters involving loans, collateral, transactions, payment histories, and communications between the Debtor…" and, among others,

his mother and father. Motion at ¶¶6(g) and (h). Relatives and related entities do hold the largest claims in this case, and the Debtor's transactions with family members are certainly subject to fair inquiry. When an examination will touch on personal relationships that have nothing to do with the administration of the estate or the adjustment of the debtor-creditor relationship, the risk of abuse is obvious. If Crown Bank wants documentation showing that loans were in fact made, or if it wants to know the purposes of those loans, it can request that information. It does not, and cannot, demonstrate any cause to investigate all "communications" between the Debtor and his parents.

To examine the Debtor, Crown Bank must demonstrate cause. Cause is not defined, but it must consist of more than simple "desire," which is all that Crown Bank has demonstrated. If the meeting of creditors reveals an additional need for information, and the Debtor refuses to comply with a request for such information, such facts could constitute cause. This is not the case here, and Crown Bank's overly broad request should be denied.

WHEREFORE, the Debtor requests that Crown Bank's motion be denied.

HINSHAW & CULBERTSON LLP

Dated: May 20, 2011    By:    /e/ Thomas G. Wallrich
Thomas G. Wallrich (213354)
Joel D. Nesset (030475X)
Accenture Tower
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Telephone: 612-333-3434
Fax: 612-334-8888

Attorneys for Debtor

4

121282001v2 72096

## VERIFICATION

I, Curtis C. Nelson, hereby certify under penalty of perjury that the statements contained in the foregoing Verified Objection to Crown Bank's Motion for Rule 2004 Examination are true and correct to the best of my knowledge, information, and belief.

Dated: May 20, 2011

_____
Curtis C. Nelson

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:                                                          Case No.:   11-43113

Curtis C. Nelson,
                                                                Chapter 11 Case
          Debtor.

---

**PROOF OF SERVICE**

---

Linda M. Swanson, an employee of Hinshaw & Culbertson LLP, and in the course of said employment on May 20, 2011 caused the following document:

1.    Debtor's Verified Objection to Crown Bank's Motion for Rule 2004 Examination;

to be filed electronically with the Clerk of Court through ECF, and that a copy of the above-referenced document were delivered to the people listed below who are Filing Users, by automatic e-mail notification on pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-1(a).

| | |
|---|---|
| Michael Fadlovich - | michael.fadlovich@usdoj.gov |
| Tyler K Olson - | tolson@oppenheimer.com |
| Rebecca G. Sluss - | rsluss@oppenheimer.com |
| US Trustee - | ustpregion12.mn.ecf@usdoj.gov |

Dated:  May 20, 2011                    /s/ Linda M. Swanson
                                        Linda M. Swanson

121282141v1  0906146